UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LANE HAYES PESTANA,<br><br>      Plaintiff,<br><br>   vs.<br><br>STATE OF HAWAII, DEPARTMENT OF EDUCATION, OFFICE OF THE SUPERINTENDENT;<br><br>      Defendant. | CIV. NO. 23-00092 LEK-RT |

**ORDER *SUA SPONTE* DISMISSING, WITH PREJUDICE, COMPLAINT FOR A CIVIL CASE AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT**

Before the Court is Defendant State of Hawai`i, Department of Education ("DOE") Motion for Summary Judgment ("Motion"), filed on November 27, 2023. [Dkt. no. 37.] At this Court's direction,[1] the DOE filed a supplemental memorandum on April 2, 2024 ("DOE Supplemental Memorandum"). [Dkt. no. 49.] Pro se Plaintiff Lane Pestana ("Pestana") filed a Supplemental Memorandum on March 26, 2024 ("Pestana 3/26 Supplemental Memorandum") and another Supplemental Memorandum on April 18, 2024 ("Pestana 4/18 Supplemental Memorandum"). [Dkt. nos. 47, 51.] This Court finds the Motion suitable for disposition

---

[1] On March 19, 2024, this Court issued an entering order directing the parties to file supplemental memoranda addressing this Court's inclinations regarding the issues raised in the Motion. [Dkt. no. 46.]

without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). For the reasons set forth below, this Court *sua sponte* dismisses Pestana's claims with prejudice. In light of the dismissal, the DOE's Motion is denied as moot.

## BACKGROUND

Pestana filed his Complaint for a Civil Case ("Complaint") on February 16, 2023. [Dkt. no. 1.] Pestana asserts federal question jurisdiction, pursuant to Title 28 United States Code Section 1331,[2] and argues the following federal laws are at issue in this case:

> Wages and Fair Labor Standards Act of 1938 and 1961
> SECTION 41 US CODE 6503
> SECTION 30 CONTRACT ACTION ACT
> SECTION 37 CONTRACT ACTION ACT
> Contract passage 388-5.5 Payment method per contract language
> Contract passage 388-5 unconditional payment of disputed wages contract language

[Id. at pg. 3 (emphases in original).] Pestana states that, during the period relevant to this case, he was a full-time teacher for the DOE, and he took a medical leave because of a disability. He alleges the DOE violated the laws listed above by

---

[2] Because Pestana did not file this action based on diversity jurisdiction, see Complaint at pg. 3, diversity jurisdiction will not be addressed in this Order.

2

failing to pay his wages during June and July 2022. [Id. at pg. 4.]

In the instant Motion, the DOE asks this Court to grant summary judgment in its favor as to all of Pestana's claims. [Motion at 2.] At the outset, this Court notes that Pestana did not file a response to the DOE's Separate and Concise Statement of Facts in Support of Motion for Summary Judgment ("DOE CSOF"), [filed 12/7/23 (dkt. no. 39)]. Therefore, all of the facts stated in the DOE CSOF are deemed admitted. See Local Rule LR56.1(g) ("For purposes of a motion for summary judgment, material facts set forth in the movant's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.").

Pestana was employed by the DOE as a teacher at Lahainaluna High School for the 2021-2022 school year. In that position, Pestana was a ten-month employee. In other words, he worked during the ten-months school year, but his salary was prorated and paid over a twelve-month period. In the 2021-2022 school year, there were 214 days that ten-month employees were paid for. [DOE CSOF at ¶¶ 1-3.] During the 2021-2022 school year, Pestana took leave without pay ("LWOP") for medical reasons. [Id. at ¶ 4.] Pestana took a total of 76 days of LWOP – 57 days from February 4, 2022 to May 1, 2022; 5 days from May 2, 2022 to May 6, 2022; and 10 days from May 13, 2022 to May 26,

3

2022. Id. at ¶ 5; see also DOE CSOF, Exh. A (Application for Leave of Absence Certificated School-Level Employees (Form 300-002) and Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act) (Form WH-380-E) for each of the three periods); Motion, Declaration of Bryan Ota ("Ota Decl.") at ¶ 6 (stating he provided he provided the DOE's counsel with the documents in Exhibit A).[3]

A Notice of Personnel Action, known as a Form 5, was generated for each of Pestana's leave requests and approved by the Superintendent of Education. DOE CSOF at ¶ 7; see also DOE CSOF, Exh. B (Form 5 for each of Pestana's three leave periods); Ota Decl. at ¶ 12 (stating he provided documents to the DOE's counsel as part of the duties in position). The three Form 5 documents were not processed until July 21, 2022, "which was later than expected." DOE CSOF at ¶ 9; see also DOE CSOF, Exh. B at PageID.187-89 (three Form 5 documents that were signed by Superintendent of Education Keith T. Hayashi ("the Superintendent") on 7/21/22); id. at PageID.190 (corrected version of the Form 5 for Pestana's LWOP period beginning on 2/4/22, signed by the Superintendent on 8/3/22). Because of the delay in processing the Form 5 for each of Pestana's three LWOP

---

[3] Bryan Ota ("Ota") is the Accounting Operations Specialist for the DOE's Office of Fiscal Services. Ota oversees the DOE overpayment process [Ota Decl. at ¶¶ 1-2.]

4

periods, he was overpaid on February 18, 2022, March 4, 2022, March 18, 2022, April 5, 2022, June 20, 2022, and July 5, 2022. DOE CSOF at ¶ 10; see also DOE CSOF, Exh. D (Pestana's pay statements from 8/1/21 to 6/30/22); Ota Decl. at ¶ 12. Due to his LWOP status, Pestana only received one paycheck in April 2022, he did not receive any pay in May 2022, and he only received one paycheck in June 2022.[4] See DOE CSOF, Exh. D.

Pestana did not receive a paycheck on July 20, 2022 and August 5, 2022 because of the previous overpayment. DOE CSOF at ¶ 11; see also DOE CSOF, Exh. E (Reported Leave Without Pay (LWOP) for Pestana for 7/26/22 to 8/18/22 and 8/22/22 to 10/10/22); Ota Decl. at ¶ 12.

After Pestana filed this action, he sent a letter to the DOE stating he had evidence that proves he was underpaid. DOE CSOF at ¶ 13; see also DOE CSOF, Exh. I (letter dated 11/7/23 to Shannon B. Pae, Deputy Attorney General ("DAG Pae"), from Pestana); Declaration of Shannon B. Pae ("Pae Decl.") at ¶ 4 (identifying Exhibit I and letters that followed). The DOE

---

[4] The DOE explains the fact that the Pestana's pay was withheld prior to the Superintendent's approval of his Form 5 as follows: "Due to the timing lag between the employee's LWOP action and receipt of the LWOP Form 5 by Payroll, schools/offices are asked to report LWOP instances directly to Payroll while simultaneously submitting the Leave forms to the Office of Talent Management for issuance of the LWOP Form 5." [DOE Suppl. Mem., Declaration of Bryan Ota ("Ota Suppl. Decl.") at ¶ 9.]

5

responded asking Pestana to produce the information. DOE CSOF at ¶ 14; see also DOE CSOF, Exh. J (letter dated 11/16/23 from DAG Pae to Pestana); Pae Decl. at ¶ 4. Pestana responded that he would not cooperate. DOE CSOF at ¶ 15; see also DOE CSOF, Exh. K (letter dated 11/21/23 from Pestana to DAG Pae); Pae Decl. at ¶ 4. With his 3/26 Supplemental Memorandum, Pestana filed his bank statements, which he argues show the DOE deposited two of his paychecks into his bank account but then withdrew the payments, causing him to incur fees. [Pestana 3/26 Suppl. Mem. at 1-2; Bank records Exhibits 6-8, filed 3/26/24 (dkt. no. 48).] Pestana also alleges the withdrawn payments were included in his taxable income reflect on his W-2 form. [Pestana 3/26 Suppl. Mem. at 2.]

## DISCUSSION

Before addressing the merits of Pestana's claims, this Court must determine if it has jurisdiction over those claims in the first instance.

> "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some citations omitted).

I.     **Federal Authority Cited in the Complaint**

As previously noted, Pestana asserts there is federal question jurisdiction in this case, although it not clear what federal law he relies upon as the basis for his claims. See Complaint at pg. 3. Because Pestana is proceeding pro se, his filings must be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). This Court interprets Pestana's reference to the "Wages and Fair Labor Standards Act of 1938 and 1961" as referring to the Fair Labor Standards Act of 1938 and its amendments ("FLSA"), including the 1961 amendments. See 29 U.S.C. § 201 *et seq.* It is not readily apparent what federal authority Pestana's citations to Sections 30 and 37 of the "CONTRACT ACTION ACT" refer to or what federal authority he refers to in his citations to "Contract passage 388-5.5" and "Contract passage 388-5." The DOE argues these citations refer to, respectively, Titles 30 and 37 of the United States Code and Hawai`i Revised Statutes Sections 388-5 and 388-5.5.[5] [Motion, Mem. in Supp. at 4.] This Court agrees and will address each asserted basis for federal question jurisdiction in turn.

---

[5] Pestana's 4/18 Supplemental Memorandum confirms that Pestana intended to assert a Hawai`i Revised Statute Chapter 388 claim in the Complaint. See Pestana's 4/18 Suppl. Mem. at 4-5.

    A.    **FLSA**

The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" pay a minimum wage to those employees, 29 U.S.C. § 206(a)(1), and shall not require those employers to work "a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed," 29 U.S.C. § 207(a)(1).

In his employment with the DOE, Pestana was neither engaged in commerce, engaged in the production of goods for commerce, nor employed in an enterprise engaged in commerce or the production of goods for commerce. The FLSA therefore does not apply to Pestana's suit against the DOE to recover his alleged unpaid wages.[6] This Court *sua sponte* dismisses Pestana's FLSA claim. Cf. HayDay Farms, Inc. v. FeeDx Holdings, Inc., 55 F.4th 1232, 1238 (9th Cir. 2022) ("It is the duty of federal courts to assure themselves that their jurisdiction is not being

---

[6] There are other provisions of the FLSA that are not limited to employers of employees involved in commerce, but those provisions do not even arguably apply under the circumstances of this case. See, e.g., 29 U.S.C. § 218d (Breastfeeding accommodations in the workplace).

8

exceeded. Lack of subject matter jurisdiction can be . . . raised by a court sua sponte." (quotation marks and citations omitted)). Further, because this Court concludes that it is not possible for Pestana to cure the defect in his FLSA claim by amendment, the dismissal of his FLSA claim is with prejudice, in other words, without leave to amend. See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) (noting that "[l]eave to amend should be granted if it appears **at all possible** that the plaintiff can correct the defect and that opportunities to amend are particularly important for the pro se litigant" (alteration and emphasis in Harris) (citation and internal quotation marks omitted)).

    B.    <u>**Title 41 United States Code Section 6503(a)**</u>

Pestana next relies upon Title 41 United States Code Section 6503. [Complaint at pg. 3.] Section 6503(a) states: "This section applies in case of breach or violation of a representation or stipulation included in a contract under section 6502 of this title." Title 41 United States Code Section 6502 identifies representations and stipulations that must be included in "[a] contract made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000." Because there is no contract of that type at issue in this case, Section 6503 does not apply to Pestana's suit against

the DOE to recover his alleged unpaid wages. This Court therefore *sua sponte* dismisses Pestana's claim based on Section 6503. The dismissal of Pestana's Section 6503 claim is with prejudice because there are no factual allegations that he can add to bring his claim within the scope of Section 6503.

    C.    <u>**Title 30 and Title 37**</u>

As previously noted, Pestana's citations to Sections 30 and 37 of the "CONTRACT ACTION ACT" are liberally construed as citations to Titles 30 and 37 of the United States Code. <u>See</u> Complaint at pg. 3 (emphasis in original); <u>see also</u> *supra* Discussion § I. Title 30 of the United States Code governs Mineral Lands and Mining. <u>See</u> 30 U.S.C. §§ 1-2006. Title 37 of the United States Code governs Pay and Allowances of the Uniformed Services. <u>See</u> 37 U.S.C. §§ 101-1015. Titles 30 and 37 also do not apply to Pestana's suit against the DOE to recover his alleged unpaid wages. This Court therefore *sua sponte* dismisses, with prejudice, Pestana's claims based on Titles 30 and 37 because there are no factual allegations that he can add to bring his claim within the scope of Titles 30 and 37.

All of federal laws that Pestana attempts to base his claims upon are inapplicable under the facts of this case. Pestana's claims fail as a matter of law and have been dismissed with prejudice. Thus, the Complaint does not allege any claim

that supports federal question jurisdiction pursuant to Title 28 United States Code Section 1331.

## II. Other Federal Authority

Pestana's 4/18 Supplemental Memorandum cites additional federal authority that is not cited in the Complaint – the National Labor Relations Act ("NLRA"), Title 29 United States Code Sections 151 to 169; the federal wire fraud statute, Title 18 United States Code Section 1343; [Pestana's 4/18 Suppl. Mem. at 1-3;] and "Internal Revenue Laws Established and upheld By The United States Supreme Court," [id. at 4].[7] To the extent that Pestana's 4/18 Supplemental Memorandum indicates that he wishes to add claims under these authorities to his Complaint, he was required to file a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2). See Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").[8] Further, the deadline to file motions to add parties or amend the pleadings expired on April 2, 2024. See Corrected Rule 16 Scheduling Order, filed 10/16/23 (dkt. no. 34), at ¶ 2. Thus, if

---

[7] Even liberally construed, Pestana's Complaint does not allege any claim pursuant to the NLRA, the federal wire fraud statute, or federal tax laws.

[8] The exceptions to Rule 15(a)(2) that are in Rule 15(a)(1) do not apply at the current stage of this case.

11

Pestana wishes to add new claims, he would first be required to obtain an amendment of the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4). See Fed. R. Civ. P. 16(b)(4) (stating a scheduling order "may be modified only for good cause and with the judge's consent").

Although this Court is required to liberally construe Pestana's filings because he is proceeding pro se, Pestana's pro se status does not excuse him from complying with the applicable court rules. See Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (per curiam) ("Pro se litigants must follow the same rules of procedure that govern other litigants." (citation and quotation marks omitted)). This Court therefore will not construe Pestana's 4/18 Supplemental Memorandum as a motion seeking to amend the operative scheduling order and seeking leave to file an amended complaint.

This Court must consider whether it should allow Pestana time to file such a motion. In order to obtain an amendment of the scheduling order, Pestana must establish that there was good cause for his failure to amend the Complaint before the deadline to add parties and amend pleadings expired. See Kamal v. Eden Creamery, LLC, 88 F.4th 1268, 1277 (9th Cir. 2023) ("Under Rule 16(b), a plaintiff must show good cause for failing to amend the complaint before the time specified in the

12

scheduling order expired." (citation and internal quotation marks omitted)).

> The good cause standard "primarily considers the diligence of the party seeking the amendment." In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013) (quoting Johnson [v. Mammoth Recreations, Inc.], 975 F.2d [604,] 609 [(9th Cir. 1992)]). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification," and "[i]f that party was not diligent, the inquiry should end." Johnson, 975 F.2d at 609.

Id. (some alterations in Kamal). There is nothing in the record indicating that Pestana was diligent in attempting to add the proposed claims to his Complaint before the deadline to add parties and amend pleadings expired. Thus, it is unlikely that the motion would be granted if Pestana filed a motion to amend the scheduling order.

Further, even if Pestana obtained an amendment of the scheduling order, leave to amend his Complaint to add the proposed new claims would be denied. Although Rule 15(a)(2) states leave to amend should be given "freely . . . when justice so requires," "[l]eave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." Wheeler v. City of Santa Clara, 894 F.3d 1046, 1059 (9th Cir. 2018) (citation omitted). "An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would

13

constitute a valid and sufficient claim . . . ." Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) (citation and internal quotation marks omitted). For the reasons stated below, this Court concludes that all of the proposed claims Pestana describes in the 4/18 Supplemental Memorandum would be futile.

### A. NLRA

> Section 7 of the NLRA, 29 U.S.C. § 157, protects employees' right "to self-organization, to form, join or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection[.]" Section 8(a)(1) of the NLRA, 29 U.S.C. § 158(a)(1), states that it is an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in" section 7 of the NLRA. The Supreme Court ruled in Garmon that, "[w]hen an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board[.]" [San Diego Building Trades Council v.] Garmon, 359 U.S. [236,] 245 [(1959)]. Garmon preemption thus divests both state and federal courts of jurisdiction to hear a preempted claim, as only the NLRB may address the dispute. Id.

Casumpang v. Hawaiian Com. & Sugar Co., Civil No. 12-00694 ACK-BMK, 2014 WL 4322168, at *8 (D. Hawai`i Aug. 29, 2014). Section 8(a)(2) to (5) of the NLRA describes other types of unfair labor practices, but all of them relate to labor organization activities. See 29 U.S.C. § 158(a)(2)-(5). There is

14

no suggestion in the record that the alleged underpayment of Pestana's wages was connected to any labor organization activity. No provision in the LMRA applies to Pestana's suit against the DOE to recover his alleged unpaid wages. Thus, even if Pestana sought leave to amend the Complaint to add an NLRA claim, leave to amend would be denied because the amendment would be futile.

    B.    **Wire Fraud Statute**

Title 18 United States Code Section 1343 states, in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire . . . in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

This district court has recognized that there is no private right of action to enforce federal criminal statutes, including Section 1343. See Hunt v. Fla. Corr. Facility, CIVIL NO. 18-00003 DKW-KJM, 2018 WL 1513647, at *3 (D. Hawai`i Mar. 27, 2018) (ruling that "a civil action for damages is not the proper mechanism to allege criminal conduct in the manner asserted by Hunt" (citing Kumar v. Naiman, 2016 WL 397596, at *2 (E.D. Cal. Feb. 2, 2016) ("[P]laintiffs, as private citizens, have no

15

standing to prosecute criminal claims.""))). Pestana's proposed claim alleging the DOE violated Section 1343 is futile, and therefore leave to amend would be denied.

**C.      Tax Statues and Regulations**

Pestana also invokes "Internal Revenue Laws Established and upheld By The United States Supreme Court." See Pestana's 4/18 Suppl. Mem. at 4. The Internal Revenue Code authorizes various civil actions by taxpayers and third parties. See 26 U.S.C. Chapter 76, Subchapter B. For example, Title 26 United States Code Section 7433 "is a limited waiver of sovereign immunity and provides the exclusive remedy for recovery of damages resulting from the reckless or intentional disregard of Internal Revenue Code ('IRC') provisions by [Internal Revenue Service] employees in the collection of federal taxes." Cox v. United States, Civ. No. 17-00001 JMS-KSC, 2017 WL 2385341, at *6 (D. Hawai`i May 31, 2017) (citations omitted). However, Chapter 26, Subchapter B does not contain a provision allowing a taxpayer to bring a civil action against the taxpayer's employer for errors in the taxpayer's withholdings. Pestana's proposed claim against the DOE under federal tax authorities is futile, and therefore leave to amend would be denied.

Because all of the federal law claims that Pestana proposes to add are futile, this Court declines to allow Pestana

16

time to file a motion seeking an amendment of the operative scheduling order and seeking leave to file an amended complaint.

### III. **State Authority**

Pestana's Complaint also asserts claims based on Hawai`i Revised Statutes Sections 388-5 and 388-5.5. See Complaint at pg. 3. If this Court had federal question jurisdiction over at least one of Pestana's claims, this Court could exercise supplemental jurisdiction over his Chapter 388 claims. See 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). Because all of Pestana's federal law claims have been dismissed with prejudice, this Court cannot exercise supplemental jurisdiction over his Chapter 388 claims, and those claims must also be dismissed with prejudice in the instant case, but without prejudice to the pursuit of such claims in the proper forum.

Pestana also appears to propose a new state law claim based on Senate Bill 2298. See Pestana's 4/18 Suppl. Mem. at 5; see also 2022 Haw. Sess. Laws Act 300 (Wages-Wage Theft-Penalties) ("Act 300"). Even assuming *arguendo*, that the

17

statutes that were enacted or amended by Act 300 authorize Pestana to bring a civil action against his employer for wage theft, this Court would not have supplemental jurisdiction over the proposed claim. Pestana's proposed claim against the DOE under Act 300 is futile, and therefore leave to amend would be denied.

## IV.  Ruling

All of the claims in Pestana's Complaint have been dismissed with prejudice. Pestana's 4/18 Supplemental Memorandum proposes to add new claims, but all of the proposed claims are futile. This Court therefore declines to allow Pestana time to file a motion seeking to amend the operative scheduling order and seeking leave to file an amended complaint. Because all of the claims in Pestana's Complaint have been dismissed with prejudice, it is not necessary for this Court to address the DOE's request for summary judgment as to Pestana's claims.

## CONCLUSION

For the foregoing reasons, Pestana's Complaint for a Civil Case, filed February 16, 2023, is DISMISSED WITH PREJUDICE.[9] In light of dismissal, the DOE's Motion for Summary Judgment, filed November 27, 2023, is HEREBY DENIED AS MOOT.

---

[9] The dismissal of Pestana's Hawai`i Revised Statutes Chapter 388 claims with prejudice in the instant case does not preclude Pestana from pursuing those claims in the proper forum.
(. . . continued)

There being no remaining claims in this case, the Clerk's Office is DIRECTED to enter judgment in favor of the DOE pursuant to this Order. Judgment shall be entered and the case shall be closed on **July 15, 2024.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 28, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

LANE HAYES PESTANA V. STATE OF HAWAII, DEPARTMENT OF EDUCATION, OFFICE OF THE SUPERINTENDENT; CV 23-00092 LEK-RT; ORDER *SUA SPONTE* DISMISSING, WITH PREJUDICE, COMPLAINT FOR A CIVIL CASE AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT

---

This Court makes no findings or conclusions about the merits of Pestana's Chapter 388 claims.